IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00048-CG |
| | ) | |
| ORSKER McIRBY | ) | |
| Defendant | ) | |

**ORDER**

This matter is before the court on defendant's motion to suppress (Doc. 13), and the response thereto of the United States (Doc. 16). Upon review of the parties' submissions the court finds that an evidentiary hearing will not be necessary.

Defendant's motion seeks suppression of evidence and derivative statements obtained pursuant to a search warrant of defendant's home. Defendant objects to the propriety of the search, contending that the affidavit in support of the warrant was insufficient to establish probable cause. The affidavit for the warrant included the following:

> Within the last seventy two hours the Fourth Judicial Circuit Drug Task Force did an undercover drug operation in Camden, Wilcox County, Al., using a confidential informant. The confidential informant and his vehicle was search [sic] by agents. At the directions of task force agents

1

> the confidential informant was sent to the residence of Oscar Mike Irby at 98 Malcolm X Drive Camden, Al. to attempt to purchase crack cocaine. The informant was given a recording device. The confidential informant made contact with Oscar Mike Irby at his trailer on Malcolm X Drive in Camden and the informant told Oscar Mike Irby that he wanted to purchase crack cocaine. After brief conversation the informant purchase [sic] crack cocaine from Oscar Mike Irby. The informant then returned to a predetermine [sic] location and the evidence was turned over to Agent Stallings.

(Doc. 13-2). The court finds that the affidavit provides bare-boned, but sufficient, basis to establish probable cause, and that even if the affidavit was insufficient, the officers were justified in relying upon it in good faith. See United States v. Leon, 468 U.S. 897, 909, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984) (finding evidence obtained in the reasonable good-faith belief that a search or seizure was in compliance with the Fourth Amendment was not subject to suppression).

Defendant's arguments center around the sufficiency of the affidavit and whether probable cause was established. The court begins with recitation of well-established law on probable cause:

> "[P]robable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts[.]" Illinois v. Gates, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). To avoid "rigid" legal rules, Gates changed the "two- pronged test" of Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), into a totality of the circumstances test. See Gates, 462 U.S. at 230-35, 103 S.Ct. 2317. Under the Gates totality of the circumstances test, the "veracity" and "basis of knowledge" prongs of Aguilar, for assessing the usefulness of an informant's tips, are not independent. "[T]hey are better understood as relevant considerations in the totality of the circumstances analysis that

2

>   traditionally has guided probable cause determinations: a deficiency in
>   one may be compensated for ... by a strong showing as to the other[.]" Id.
>   at 233, 103 S.Ct. 2317.

United States v. Brundidge, 170 F.3d 1350, 1352-53 (11th Cir. 1999).  The "duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding that probable cause existed." Gates, 462 U.S. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).  Of course, "[a]n affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause," and "wholly conclusory" statements do not meet the probable cause requirement. Gates, 462 U.S. at 239.  "Information [in the warrant application] must be timely for probable cause to exist, for probable cause must exist at the time the magistrate judge issues the search warrant." United States v. Magluta, 198 F.3d 1265, 1271-72 (11th Cir. 1999), vacated in part on other grounds, 203 F.3d 1304 (2000), quoting United States v. Green, 40 F.3d 1167, 1172 (11th Cir. 1994) and United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994).

      Defendant asserts that the affidavit could not have provided probable cause for the warrant because the affidavit was dated the day after the warrant was issued.  The affidavit is dated August 31, 2011 and the warrant is dated August 30, 2011.  However, the date on the warrant is simply a scrivener's error.  The affidavit of District Judge Jo Celeste Pettway, who signed the warrant, explains that the affidavit was presented prior to her signing the warrant and that the variance in the date was

3

the judge's error. (Doc. 16, p. 7).  The judge's error in dating the warrant does not invalidate the warrant or affect the existence of probable cause. See U.S. v. Villaverde-Leyva, 2010 WL 5579825, *8 (N.D. Ga. Dec. 9, 2010) (stating that the incorrect date on the warrant "was the result of a scrivener's error, which does not invalidate the warrant.") (citing United States v. Waker, 534 F.3d 168, 171 (2d Cir. 2008) ("[T]his Court has explained that when information within a search warrant permits the establishment of intended-but imperfectly scribed-dates, the document is not rendered deficient."); United States v. White, 356 F.3d 865, 869 (8th Cir. 2004) (inconsistency between date on warrant application form and date on search warrant does not eliminate probable cause); Velardi v. Walsh, 40 F.3d 569, 576 (2d Cir. 1994) ("Warrants have been upheld despite 'technical errors,' ... when the possibility of actual error is eliminated by other information, whether it be ... supplemental information from an appended affidavit, or knowledge of the executing agent derived from personal surveillance of the location to be searched."); United States v. Lowe, No. 08-CR-340, 2009 WL 723344, *1 (E.D. Wis. Mar. 17, 2009) ("[I]t is apparent that the fact that the wrong month was typed into the jurat of the affidavit submitted in support of the warrant application was a mere scrivener's error.")).

      Defendant also asserts that the affidavit fails to establish that the confidential informant was reliable or that any of the information from the informant was corroborated.  Analyzing the affidavit under the totality of the circumstances, the

court finds that the information contained in the warrant, although slim, is sufficient to establish probable cause.  The affidavit does not offer evidence of the informant's history of reliability.  However, while such information is relevant to a probable cause determination, it is not required to be set forth in the affidavit if there is other evidence under the totality of the circumstances to support a probable cause finding.

> [U]nder the totality-of-the-circumstances analysis announced in *Gates*, "veracity" and "basis of knowledge" are no longer viewed as independent prerequisites to a finding of probable cause: "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability" such as corroborating evidence gathered by law enforcement. [*Gates*, 462 U. S.] at 233, 103 S.Ct. at 2329.

U.S. v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995).  In the instant case, the informant made a controlled purchase from the residence.  Agents searched the informant and his vehicle before sending him to the residence.  The informant was also given a recording device and after the controlled buy, the evidence was turned over to the agent.  Although the affidavit does not include the informant's exact statements and does not explicitly include what statements were recorded by the recording device, the affidavit at least implies that the recording device was used and that the informant's account and the recording were consistent.  The agent's search of the informant before the controlled buy and his collection of the evidence after the buy, along with the use of a recording device serve to corroborate the information offered by the informant.  This corroboration provided some indicia of the informant's reliability, although

independent police corroboration of a confidential source's information, per se, is not required.  See <u>United States v. Brundidge</u>, 170 F.3d 1350, 1353 (11th Cir. 1999).[1]  Corroboration may be accomplished by creating circumstances under which the informant is unlikely to lie. <u>Foree</u>, 43 F.3d at 1576.  In this case, if the information had proved to be false, that fact would have been quickly discovered, making it unlikely the informant would lie.

Under the totality of the circumstances, the court concludes that the affidavit establishes the informant's reliability, and that "the magistrate had a substantial basis for . . . concluding that probable cause existed."  <u>Gates</u>, <u>supra</u>.

---

[1] In a case where the Eleventh Circuit affirmed the district court's denial of a motion to suppress where the appellant attacked the reliability of the confidential informant, the Court stated:
> [The defendant's] main contention is that probable cause for the search warrant did not exist because the affidavit failed to reflect independent police corroboration of the CI's story.  But we think requiring independent police corroboration--as a per se rule in each and every case--is contrary to *Gates* and other precedent for two reasons.  First, as we have discussed, *Gates* criticizes per se rules for the determination of probable cause.  Second, independent police corroboration has never been treated as a requirement in each and every case. *See* <u>United States v. Harris</u>, 403 U.S. 573, 576, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) (approving, without discussing corroboration, an affidavit with no police corroboration); <u>United States v. Farese</u>, 612 F.2d 1376, 1378 (5th Cir. 1980) (even though some corroboration of informant's story took place, probable cause likely existed without corroboration).

<u>Brundidge</u>, at 1353 (internal footnote omitted).

## CONCLUSION

For the reasons stated above, defendant's motion to suppress (Doc. 13), is **DENIED**.

**DONE and ORDERED** this 14th day of May, 2012.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE